UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEWIS ALAN CARLTON,           )
                              )
        Plaintiff,            )
                              )
v.                            )        CV623-022
                              )
CORE CIVIC, et al.,           )
                              )
        Defendants.           )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 14), to which Plaintiff has filed an Objection, (doc. no. 17). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge's Report and Recommendation explains that Carlton was injured in a prison altercation in 2016. (Doc. no. 14 at 2.) As a result, he suffered a torn anterior cruciate ligament ("ACL"). (Id.) After multiple transfers, he arrived at Jenkins Correctional Facility in

2019. (Id.) His requests for treatment for what he contends were the persistent effects of his knee injury were denied by several doctors. (Id.) He was taken for examination by an orthopedist in March 2023. (Id.) The orthopedist, Dr. Gaines, determined that Carlton's ACL injury had healed. (Id.) Carlton objected to the diagnosis and threatened to sue Gaines. (Id.) The warden of Jenkins Correctional Facility threatened to place Carlton in segregation based on the threatened suit and Carlton was transferred to Central State Prison, in Macon, Georgia, soon after. (Id.)

The Magistrate Judge noted Carlton's allegations concerning the validity of his continued confinement. (Doc. no. 14 at 3-4.) He also noted that Carlton does not expressly seek habeas corpus relief, but, even if he had, this Court would lack jurisdiction to grant it. (Id. at 4.) The Magistrate Judge then recommended that any claims concerning unconstitutional conditions of confinement at Carlton's current prison, located in Macon Georgia, should be dismissed without prejudice, to permit Carlton to refile those claims in the United States District Court for the Middle District of Georgia. (Id. at 4-6.) Although Carlton's Objection reiterates his contention that his continued incarceration is

illegitimate, he does not object to the Magistrate Judge's recommendations concerning those claims. (See doc. no. 17 at 4-5.)

Carlton objects to the Magistrate Judge's recommendation that his claim concerning the inadequacy of the treatment he received for his knee injury be dismissed. (See doc. no. 17 at 9-15.) He objects that the Magistrate Judge misconstrued his claim as alleging inadequate care, when, in fact, it alleged a complete lack of care. (See id. at 10.) In particular, he objects that the Report and Recommendation "does not state what care the Defendants provided to Carlton." (Id. at 12.) That is simply wrong. The Magistrate Judge was clearly relying on Carlton's referral to and examination by Dr. Gaines. (Doc. no. 14 at 8.) As the Magistrate Judge explained "Carlton's incredulity concerning Gaines' diagnoses that his knee injury was healed, [cit.], is precisely the sort of disagreement with medical judgment excluded from Eighth Amendment scrutiny." (Id. at 8.) A medical determination that no treatment is needed is, itself, treatment. The Magistrate Judge also noted "[t]he grievance documents that Carlton . . . submitted include frequent notations indicating attention to his request from 'medical staff.'" (Id. at

8 n. 3.) Carlton's contention that the various medical determinations not to treat him were "no treatment," therefore fail.[1]

Carlton also contends, albeit implicitly, that he can maintain a deliberate indifference claim based upon the difference of opinion among his physicians. He contends that the fact that the radiology report initially diagnosing his ACL tear was issued by three doctors, their opinion renders Gaines' diagnosis invalid. (Doc. no. 17 at 13 ("The difference is that THREE (3) medical doctors performed a M.R.I. on Carlton; they issued a Radiology Report stating in clear terms: "clear A.C.L. tear, with findings suggestive that this is a chronic injury." Three M.D.s v. one . . . ." (emphasis in original)). Carlton is simply mistaken that a disagreement among physicians is sufficient to support an Eighth Amendment deliberate indifference claim. See, e.g., Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) ("[W]e have held that a difference of

---

[1] The Court notes that Carlton's emphatic assertion that he received no care for his knee issues is contradicted by the documents he has attached to both his Amended Complaint and his Objection. His Objection states "Defendants have provided no treatment at all—Nada, Zilch; not even therapy, brace or other." (Doc. 17 at 10.) In one of his grievances, however, he states that one of the doctors at Jenkins, Dr. Marler, "gave [Carlton] a knee brace that is inadequate care." (Doc. 17-1 at 36.) That same grievance form was attached to Carlton's Amended Complaint, (see doc. no. 13-1 at 2), and cited and quoted by the Magistrate Judge in the Report and Recommendation, (see doc. no. 14 at 8 n. 3).

opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference." (citations omitted)); Bowers v. Mullen, 692 F. App'x 325, 325 (8th Cir. 2017) (collecting cases); Willard v. California Dept. of Corrs. & Rehabilitation, 2019 WL 5596387, at *10 (E.D. Cal. Oct. 30, 2019) ("Plaintiff alleges nothing more than a disagreement of the proper course of treatment among physicians, which is not cognizable under the Eighth Amendment."); Sanchez v. United States, 2009 WL 10710500, at *2, *2 n. 10 (N.D. Tex. Aug. 20, 2009) ("Such difference of opinion [among physicians] as to the appropriate method of treatment does not amount to deliberate indifference."). Cf. Gillentine v. Corr. Med. Servs., Inc., 2014 WL 5795553, at *4 (N.D. Ala. Nov. 6, 2014) (noting "[t]he Eighth Amendment does not mandate the very best medical treatment, and a disagreement among physicians concerning the need for (or efficacy of) a particular medical treatment is not material when applying a deliberate indifference standard . . . ."). The various medical determinations, culminating in Gaines' diagnosis that Carlton's knee injury was "healed," even if those determinations amounted to negligence or malpractice, preclude a viable Eighth

Amendment claim. See, e.g., Gomez v. Lister, 2022 WL 16776248, at *3 (11th Cir. Nov. 8, 2022).

The Magistrate Judge also recommended that Carlton's retaliation claim be dismissed. (See doc. no. 14 at 14-16.) He found that Carlton's retaliation claim failed, to the extent it was based on the warden's threat of segregated confinement, because it was a response to Carlton's threat to file a lawsuit and "the threat to file a lawsuit is not protected speech." (Id. at 14.) The Magistrate Judge then found that Carlton's retaliation claim failed, to the extent that it was based on his transfer from Jenkins Correctional Facility to Central State Prison, because "Carlton's wholly conclusory allegation that the motive for the transfer was 'retaliation' is insufficient." (Id. at 16.)

Carlton's Objection does not clearly distinguish between the two potential retaliation claims identified by the Magistrate Judge. (See doc. no. 17 at 15-18.) He does, however, state that the reason for his transfer "was not a threat to file a § 1983 but [his] actual filing of his § 1983 . . . ." (Id. at 17.) He also asserts that "[t]he paper trail is clear," pointing to the grievances he submitted concerning his medical care. (Id. at 15.) He does not, however, point to any retaliatory response to those grievances. (Id.

at 15-16.) He, again, states in a wholly conclusory fashion that "[i]n retaliation of Carlton invoking his First Amendment right . . . , the Defendants transferred Carlton out of Jenkins Institution and to Central State violent prison." (Id. at 16-17.)

In apparent response to the Magistrate Judge's analysis of his claim that his transfer was retaliatory, he attempts to supplement his allegations. He alleges, for the first time, that he "had no disciplinary problem at Jenkins [and] the only reason for the Defendants to transfer him was . . . [his] filing of his § 1983 . . . ." (Doc. no. 17 at 17.) He also alleges, for the first time, that he mailed copies of his original Complaint to each defendant on March 4, 2023. (Id. at 18.) He then asserts that it is defendants' burden to show that he was "transferred out for other than retaliatory reasons, it must be found that the Defendant's act was retaliatory." (Id.)

First, to the extent that Carlton's Objection seeks to add an allegation that there were no disciplinary or other reasons for his transfer, those allegations were not in his Amended Complaint. (See doc. no. 13 at 7-10.) Attempts to amend pleadings through objections to reports and recommendations are improper. Cf. Lorton v. Wainwright,

2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). Since Carlton's additional allegations were not properly presented, the Court might simply disregard them.

Even if the Court considered Carlton's additional allegations, they are not sufficient to support his retaliation claim. As Carlton implicitly acknowledges, his only basis for alleging that the transfer was retaliatory is temporal proximity and the absence of any alternative reason for the transfer. He alleges that he sent each defendant a copy of the original Complaint shortly before his transfer, (doc. 17 at 18), but the Magistrate Judge expressly considered whether the temporal proximity between the suit and transfer, alone, was sufficient. (Doc. no. 14 at 16 n. 4.) In particular, the Magistrate Judge noted that it appeared from the original Complaint that Carlton had taken affirmative steps to conceal its filing

from prison officials. (Id.) Moreover, Carlton's allegation that he provided each defendant with a copy of his Complaint on the day he signed it is contradicted by the cover letter he submitted with that Complaint, dated March 20, 2023. (See doc. 1 at 8.) Since his allegation that he provided defendants with a copy of the Complaint on or about the date he signed it is positively contradicted by the record, that allegation would not be entitled to the general presumption of truth, even if it were procedurally proper. See, e.g., Jones v. Gramham, 2022 WL 6105512, at *1 (W.D. Wis. Oct. 7, 2022) (citing Bogie v. Rosenberg, 705 F.3d 603, 609 (7th Cir. 2013)) (the court "need not accept . . . allegations as true if incorporated documents directly contradict them."); Rollness v. Flores, 2022 WL 2199097, at *3 (C.D. Cal. Mar. 25, 2022) (quoting Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008) ("The Court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." (internal quotation marks omitted)). As the Magistrate Judge noted, in the absence of a non-conclusory plausible allegation that any defendant knew about Carlton's lawsuit, he fails to state a viable retaliation claim.

(Doc. no. 14 at 16 n. 4 (citing Ross v. Fiss, 2023 WL 2739638, at *8 (M.D. Pa. Mar. 31, 2023).)

Since, even considering Carlton's Objection, the Court agrees with the Magistrate Judge's determination that his Amended Complaint fails to state any claim upon which relief can be granted, the Report and Recommendation, (doc. no. 14), is **ADOPTED**, and Carlton's Amended Complaint, (doc. no. 13), is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of July, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA